IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Jonathan Walter Phillips (#20320), | )<br>) |
| Plaintiff, | )<br>) |
| | ) Case No. 14 C 5712 |
| v. | )<br>) Judge Frederick J. Kapala |
| | ) |
| Breeze, et al., | )<br>) |
| Defendants. | ) |

## ORDER

Plaintiff may proceed on his second amended complaint [36]. The Clerk of Court is directed to: (1) file Plaintiff's second amended complaint [36]; (2) dismiss and terminate Defendants Breeze, Enloe, and the Unidentified Officer; (3) add Defendants Robert Lantz and Walter Nally; (4) alter the caption to make Defendant Lantz the lead Defendant; (5) issue summonses for service on Defendants Lantz and Nally by the U.S. Marshal; and (6) send Plaintiff two blank USM-285 (service) forms and a copy of this order. The Court advises Plaintiff that a USM-285 (service) form is required for each named Defendant. The U.S. Marshal will not attempt service on a Defendant unless and until the required forms are received. The U.S. Marshal is appointed to serve Defendants.

## STATEMENT

Plaintiff Jonathan Walter Phillips, an inmate confined at Kane County Jail, brings this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff's first complaint was dismissed without prejudice for failure to state a claim. [10] Plaintiff submitted an amended complaint against Dixon Correctional Center, its acting warden, Donald Enloe, Salvador Godinez, a correctional officer Breeze, and an unidentified correctional officer. [16] Plaintiff was permitted to proceed on his claims of excessive force with a sadistic and malicious intent, against Officer Breeze and an unknown Defendant; Donald Enloe was added as a nominal Defendant, solely for identifying the unknown officer Defendant. [22] All other Defendants were dismissed. [22] Plaintiff has now submitted a second amended complaint [36], in which he appears to have identified the officers allegedly responsible for the alleged use of force—Robert Lantz and Walter Nally. Plaintiff no longer names Defendant Breeze.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be

granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint, although sparse, states a colorable federal cause of action based on Lantz and Nally's alleged assault. Accordingly, Defendants must respond to the complaint. Nothing in this order, which is based on preliminary review of the complaint, precludes any legal argument that Defendants may advance in response to Plaintiff's allegations.

The Court directs the Clerk to issue summonses for service of the complaint on Defendants. The Clerk of Court is directed to mail Plaintiff two blank USM-285 (U.S. Marshals service) forms. The Court advises Plaintiff that a completed USM-285 form is required for each named Defendant, Lantz and Nally. The U.S. Marshal will not attempt service on a Defendant unless and until the required form is received. Plaintiff must therefore complete and return a service form for each Defendant, and failure to do so may result in the dismissal of the unserved Defendant, as well as dismissal of this case in its entirety for lack of prosecution.

The Court appoints the U.S. Marshals Service to serve Defendants. The Court directs the U.S. Marshal to make all reasonable efforts to serve Defendants. With respect to any former employee of Dixon Correctional Center who can no longer be found at the work address provided by Plaintiff, officials there must furnish the U.S. Marshal with the Defendant's last-known address. The U.S. Marshal will use the information only for purposes of effectuating service or to show proof of service, and any documentation of the address shall be retained only by the U.S. Marshal. Address information will not be maintained in the Court file nor disclosed by the U.S.

Marshal, except as necessary to serve Defendants. The U.S. Marshal is authorized to send a request for waiver of service to Defendants in the manner prescribed by Federal Rule of Civil Procedure 4(d) before attempting personal service.

Date: October 23, 2015